SAMUEL A. KEAN & Co.

*v.*

PERLEY LOWE, Assignee.

*Filed at Ottawa October 26, 1893.*

1. INSOLVENT DEBTORS—*dividends—time of filing claims in county court.* The failure of a creditor of an insolvent estate to exhibit his demand to the assignee within three months from the publication of notice to present claims, under section 10 of the act relating to voluntary assignments, will exclude such creditor from participating in the dividends until after the payment in full of all claims presented within that time and allowed by the county court.

2. SAME—*excuse for delay in presenting claims.* The fact that a creditor may have levied executions upon the assigned property, which levy proves abortive, and is held invalid by the courts, will not excuse him in failing to present his claim within the time limited, and authorize him to participate in the dividends, notwithstanding the good faith in which the independent remedy was pursued.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. GEORGE W. BROWN, Judge, presiding.

Appellants filed their petition in the county court of Cook county on the 29th day of June, 1892, for leave to present to the above named assignee their certain claim against the assignor, without prejudice, and that they be allowed to participate in the distribution of the assigned estate to the same extent and in the same manner as though their claim had been filed within the time prescribed for the filing of claims in such cases by section 10 of the Voluntary Assignment act. To the petition appellee filed objections, and the case was submitted to the court for trial upon the following agreed statement of facts:

"The parties in the above entitled cause, now pending and undetermined in said court, do hereby stipulate and agree that the facts of the matter in controversy are as follows,

to-wit: That on the 23d of September, 1889, four judgments, aggregating, with costs, the sum of $7196.86, were entered in the Superior Court of Cook county, Illinois, against said Robert Larkins and in favor of certain parties, who immediately assigned said judgments to S. A. Kean & Co.; that executions were issued upon said judgments immediately upon their rendition, and said executions were forthwith, to-wit, on the 23d of September, 1889, levied by the sheriff of Cook county upon certain lumber in said Cook county belonging to said Robert Larkins, of sufficient value to satisfy in full all of the said executions, and that the said sheriff of Cook county took possession of said lumber under the said levy; that upon the same day upon which said judgments were entered and levies made, as aforesaid, a deed of assignment for the benefit of creditors, from said Robert Larkins to Nathaniel M. Jones, which had been executed and delivered on the 21st day of September, 1889, was filed for record in the recorder's office of Cook county, and afterwards, to-wit, on the 27th day of September, 1889, said deed of assignment was filed in the office of the clerk of the county court of said county of Cook, whereupon said Jones resigned his position as assignee of said Robert Larkins, and the said county court appointed one Perley Lowe as successor to said Jones; that said Perley Lowe thereupon filed his petition in said county court against the sheriff of Cook county and S. A. Kean & Co., praying that possession of the lumber levied upon, as aforesaid, by the said sheriff, should be delivered to said assignee by said sheriff; that after hearing, upon evidence introduced by both sides, said petition was dismissed by said county court, and thereupon the said Perley Lowe, assignee, prayed and was allowed an appeal to the Appellate Court of Illinois, First District; that thereupon said sheriff advertised the said lumber for sale, but that before the sale thereof was consummated, said assignee replevied from the sheriff and S. A. Kean & Co. all of said lumber levied upon as aforesaid; that afterwards, to-wit, on the 21st day

of April, 1890, said Appellate Court of Illinois, First District, rendered its opinion in the matter of said appeal, sustaining and affirming the order of said county court dismissing said petition, and that thereupon the said assignee prayed and was allowed an appeal therein to the Supreme Court of Illinois, and that afterwards, to-wit, on the 15th day of January, 1892, said Supreme Court of Illinois rendered its opinion in the matter of said appeal, reversing the judgments of the county court and the Appellate Court dismissing said petition, and remanding said cause to said county court, with directions that the said petition of the said assignee be allowed; that thereupon said sheriff and S. A. Kean & Co., appellees therein, filed a petition for a rehearing in said cause, which petition was denied by the said Supreme Court of Illinois on the 15th day of June, 1892, and that a certified copy of said final judgment and order of said Supreme Court of Illinois was filed in said county court of Cook county on July 13, 1892; that the aforesaid replevin suit of said asignee, against said sheriff and S. A. Kean & Co., came on for hearing in the circuit court of Cook county upon the 21st day of July, 1892, and the said circuit court of Cook county, upon the hearing thereof, found the property in the lumber replevied therein to be in the said assignee, plaintiff therein, and entered judgment for the said assignee, plaintiff in said replevin suit; that by means of certain suits brought by S. A. Kean & Co. in the State of Indiana, upon said judgments, $1605.15, being over twenty-one per cent of their entire claim, was realized from property of said Larkins, which should be credited upon said judgments, and that, after making the said credits, there is now actually and equitably due upon the aforesaid judgments, from said Robert Larkins, the sum of $5591.71; that on the 26th day of July, 1892, said Lowe, assignee, filed in said county court his final report, showing a cash balance in his hands, as assignee, as aforesaid, of $15,026.41, and giving a list, purporting to be a complete list, of the creditors of said Robert Larkins entitled

to share in the distribution of said fund, and that S. A. Kean & Co. do not appear upon said list; and that said petition further prays for an order of said county court to make distribution of the said sum to the parties named in said list of creditors of said Robert Larkins' estate, and that an order was thereupon, on the 26th day of July, 1892, entered, ordering the distribution of said fund to the parties named in said list of the creditors of said Robert Larkins' estate, *nisi* five days; that the petition and claim of S. A. Kean & Co. herein, for $5591.71, was filed within the five days' limitation, and that objections to said claim, and to the petition for the allowance thereof, were filed in apt time by the assignee; that the estate of said Larkins in the hands of the assignee, as shown by his final report, will not pay to Larkins' creditors, (exclusive of S. A. Kean & Co.) who have proved up their claims, in excess of a twenty per cent dividend. It is further stipulated that said Lowe, assignee, duly gave notice of such assignment by publication, and also duly sent a notice thereof by mail to said S. A. Kean & Co., shortly after the 27th day of September, 1889, which notice was received by said S. A. Kean & Co., or his then attorney. It is further stipulated that Morton Culver, Esq., the attorney who represented said S. A. Kean & Co. in the county court in September and October, 1889, and also in the Appellate Court and Supreme Court, considered the question of filing the said claim of S. A. Kean & Co. with the assignee of Larkins, within three months after the publication of notice to creditors, and decided not to do so, stating to the attorney for the assignee that he would take his chances of collecting the full amount of the judgments."

The county court dismissed the petition at the cost of the petitioners, and on appeal to the Appellate Court that order was affirmed.

Messrs. MORRIS, GANSE & CRAIG, for the appellants.

Mr. N. M. JONES, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

The only question submitted for our decision is, whether, under the facts stated in the stipulation, the failure to file the claim within the time prescribed by the statute regulating the settlement of the estates of insolvent debtors in cases of voluntary assignments, should bar appellants from sharing in the general distribution of the estate with those creditors who did comply with the statute.

Section 10 of that act provides that "all creditors who shall not exhibit his, her or their claim within the term of three months from the publication of notice, as aforesaid, shall not participate in the dividends until after the payment in full of all claims presented within said term and allowed by the county court." The stipulation shows that the notice provided for in section 2 of the act, and referred to in the foregoing section, was duly given, and that the claimant had actual notice of the time for filing claims; also, that the failure to present the claim within the required time was not caused by any omission of duty on the part of the assignee, but was the result of the voluntary election of the claimant. The only excuse or explanation that is shown for the delay is, that the creditors chose to pursue another and different remedy, which they thought available for the collection of the debt. The statute limiting the time within which claims shall be filed, in order to share generally with others in the distribution of the estate, has a wise and well understood purpose. Its language is clear and explicit. It can not be seriously contended that it may be disregarded at the pleasure of the court. Cases in which the chancery jurisdiction of the county court may be invoked to extend the limitation fixed by the statute must be exceptional, and present some strong equitable ground for relief.

The theory of the petition in this case, as stated by counsel, is, that "having levied upon property of the insolvent, their judgment was satisfied *sub modo,* and remained so satisfied

until the termination of the replevin suit brought by Larkins' assignee, against the sheriff and Kean, to recover the lumber levied upon, so that petitioner, during the three months following the assignee's notice to present claims, had no claim *in esse* against the Larkins estate, and consequently was not in a position to file the same with the assignee. We do not agree with the statement in this proposition to the effect that, pending the litigation growing out of the levy upon property of the insolvent, appellants could not file their claim with the assignee. We know of no reason why they would not have had a perfect right to do so. Certainly they had a right to make the offer. The clear inference from the agreed facts is, that the assignee was not only willing that it should be presented, but invited it. They, by their attorney, "decided not to do so," not because of any legal obstruction, but because they chose to take their "chances of collecting the full amount of the judgments."

But suppose it were true that, for the reasons stated, the claim could not be filed in compliance with the statute; who is responsible? It is well known that one of the fruitful sources of litigation in proceedings under voluntary assignment laws is the effort of creditors to gain preferences by disregarding the assignment, and pursuing independent remedies. Must it be said in every such case, when the effort fails, the claim may be filed without reference to section 10 of the statute? It seems too clear for argument that to require the county court to reverse its action in this case and grant the prayer of the petition would be to render the statute nugatory. The good faith with which the independent remedy was pursued is not questioned, nor is it denied that there were reasons for the belief of counsel for appellants in that litigation that they could hold the property levied upon; but can not the same be said, generally, of efforts to avoid assignments?

We think the order of the county court was just and proper, and the judgment will be affirmed.     *Judgment affirmed.*