# Joliet National Bank v. James L. O'Donnell, Assignee of Henry Fish & Sons.

1. VOLUNTARY ASSIGNMENTS—*Creditors Not Filing Their Claims Within Three Months.*—A creditor of an insolvent, who fails to file his claim within the three months allowed by the statute, can not be allowed to share *pro rata* in the assets of the estate with the creditors filing their claims in apt time.

2. SAME—*Creditors Pursuing Other Remedies.*—The fact that a creditor of an insolvent is mistaken as to the law concerning his right to recover from a person other than the insolvent, is no excuse for the failure to file his claim in the County Court within the time allowed by law.

3. SAME—*Sufficiency of Notice to Creditors.*—The fact that a notice for creditors to present their claims, gives three days more time than allowed by the statute for so doing, does not render it void, where it is shown that no creditors are misled thereby.

4. SAME—*Sending Notices to Creditors.*—The fact that an assignee of an insolvent fails to send a notice to the creditor to file his claim furnishes no excuse for the failure of the creditor to file it as required by law.

Assignment for the Benefit of Creditors.—Appeal from the County Court of Will County; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

DONAHOE & MCNAUGHTON, attorneys for appellant.

P. C. HALEY, attorney for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

The appeal in this case is prosecuted from an order of the County Court of Will County, denying the petition of appellant, filed in said court, praying that it might be allowed to share *pro rata* in the assets of the estate of the insolvent firm of Henry Fish & Sons, with those creditors who had filed their claims with the assignee in compliance with the provisions of chapter 72, revised statutes.

It appears that Henry Fish & Sons were bankers, doing

business at Joliet, under the name of "Stone City Bank;" that on November 30, 1892, they failed in business and made a general assignment of their property to James L. O'Donnell, assignee and appellee herein, for the benefit of their creditors. On the day of the failure, an hour or two before the Stone City Bank closed its doors, Henry Fish & Sons borrowed from appellant, then doing a banking business in Joliet, the sum of $4,200, receiving the amount in money and giving appellant a sight draft or bill of exchange on the Third National Bank of New York, said draft being dated on said 30th of November, 1892, and payable to the Joliet National Bank. On the same day the draft was indorsed by appellant to the Hanover National Bank of New York City, and forwarded to the latter bank for collection. On December 2, 1892, when this draft was presented to the Third National Bank, payment was refused and an indorsement made thereon, "not good, 10.15 A. M. December 2, 1892." And the draft was at once protested for non-payment. It does not seem to be disputed that when the draft was drawn and even when it was presented for payment, the Stone City Bank had to its credit in the Third National Bank, more money than the amount called for by the draft. But the Third National Bank refused to pay the draft, because it then held Joliet Enterprise paper, which had been indorsed by the Stone City Bank, and discounted by the Third National, the proceeds being placed to the credit of the Stone City Bank, so that the Third National Bank claimed the right to set off the Enterprise company paper as against the deposit to the credit of the Stone City Bank. Appellant denying this right of set-off, sued the Third National Bank upon the draft, and upon a trial in the U. S. District Court for the Southern District of New York, to which court the cause had been removed, the issues were decided adversely to the claim of appellant. On November 26, 1894, appellant applied to the County Court of Will County, for leave to file its claim against the estate of Henry Fish & Sons, with James L. O'Donnell, the assignee. The matter was taken under advisement by the County Court,

until April 6, 1895, when leave was given appellant to file its claim, and also a petition to be allowed to share *pro rata* in the assets of the estate with those creditors who had filed their claims in apt time. Thereafter, on a hearing upon the petition and the proofs submitted, the court denied the petition, and from that order appellant prosecutes this appeal.

The only question in the case is, whether appellant was barred from sharing with the general creditors of the insolvent firm of Henry Fish & Sons, by reason of its failure to file the claim or present it to the assignee, within the three months limited by sections 2 and 10 of the act in relation to voluntary assignments. 1 Starr & Curtis, p. 1304, par. 38–46.

That appellant knew of the assignment proceedings and of the notice given by the assignee to creditors to present their claims for allowance against the estate of the insolvents, is admitted, but its excuse for not filing the claim in question is that it supposed and had the right to suppose, that it could recover the debt in question from the Third National Bank, and that until the determination of the suit against the last named bank appellant could not know that it had a claim against the insolvent estate.

But we think this is not a sufficient or valid excuse. There can be no question that when the draft was protested for non-payment appellant had a good cause of action against Fish & Sons, the drawers, and the mere fact that it preferred to pursue another remedy, even if a mistaken one, can furnish no excuse under the decisions in this State, for a failure to file its claim with the assignee of Fish & Sons within the time limited by the statute.

The case of Suppiger et al. v. Gruaz, 137 Ill. 216, cited and relied upon by appellant, is not in point. In that case it was distinctly held that at the time the assignment was made and the notice given by the assignee, the defendant in error was not a creditor, and that it was therefore impossible for him to present his claim within three months after the publication of notice.

But in the case at bar, clearly the conditions were otherwise. There was no mistake as to the facts. Appellant was mistaken as to the law concerning its right to recover from the Third National Bank, but that mistake is no excuse for a failure to file its claim within the time required by law.

In the case of Kean & Co. v. Lowe, 147 Ill. 564, it is said: "The only excuse or explanation that is shown for the delay is, that the creditors chose to pursue another and different remedy which they thought available for the collection of the debt. The statute limiting the time within which claims shall be filed, in order to share generally with others in the distribution of the estate, has a wise and well understood purpose. Its language is clear and explicit. It can not be seriously contended that it may be disregarded at the pleasure of the court. Cases in which the chancery jurisdiction of the County Court may be invoked to extend the limitation fixed by the statute, must be exceptional, and present some equitable ground for relief."

We think that case is decisive of the case at bar, no reason being perceived why the plain provisions of the statute should be disregarded in this case any more than in that. In both cases the claimant chose to pursue another and different remedy, in the hope of faring better than the general creditors, and failing so to do, can not afterward come in and share alike with them, in the face of the statute which says they shall not be permitted to do so.

It is objected that the notice given by the assignee was insufficient under section 2 of the voluntary assignment act, to create a bar to the filing of appellant's claim for two reasons:

1. Because it was headed "Assignee's Sale," being therefore misleading, and,

2. Because, dated December 12, 1892, it notified creditors to present their claims within three months after December 15, 1892, which would be giving three months and three days in which to present such claims.

As to the first point, we think the objection is untenable.

While the notice was improperly headed, no claim is made that the body of it was not in due form (except as to the three days extra being given), nor that appellant was in fact misled. There can be no doubt under the evidence that appellant was fully informed of the assignment proceedings, because Mr. Mason, the president of appellant, testifies to having a conversation with the assignee concerning the propriety of filing the claim and in which he (Mason) said he would not file it unless the New York suit went against them. But it appears the notice was published in four papers in Joliet, in two of which it was properly headed, "Assignee's Notice," so that there can be no question that appellant had full notice, and we think in substantial compliance with the law.

The second objection is purely technical; it can not be contended with any show of reason that appellant was in any manner harmed or prejudiced, because the assignee purported to give to creditors three days more time in which to file claims than the law allowed.

It is also objected that the assignee sent no notice to appellant to file its claim, but, under the authority of Suppinger v. Seybt, 23 Ill. App. 468, that fact furnished no excuse for failure to file the claim. As was said in that case, so also may be said of the case at bar: "There is no pretense, even, that by the published notices, all parties interested in this claim were not fully advised of the assignment, and the notice to creditors to present their claims." We think the purposes of the statute were fully accomplished by what the assignee did in the way of publishing notice, and that appellant can not justly complain on that score. It made an unfortunate mistake in not filing its claim in time, but we can not relieve it from the consequences of such mistake without frittering away the plain purpose and meaning of the statute, which we are not permitted to do.

The order of the County Court will be affirmed.