## THE H. B. CLAFLIN COMPANY

### v.

### CHARLES B. KELLEY, assignee of A. C. Mills & Co.

*Opinion filed November 8, 1897.*

1. VOLUNTARY ASSIGNMENTS—*claim must be filed, though already in suit.* The fact that a creditor brought suit on his claim a few days after his debtor's voluntary assignment, which suit was pending during the three months following the assignee's notice to creditors to present claims, does not excuse the creditor from filing his claim within such three months, as required by section 10 of the act on assignments. (Laws of 1877, p. 119.)

2. SAME—*when failure of assignee to mail notice will not excuse filing of claim.* Failure of an assignee to mail to creditor notice to present claim will not excuse the creditor from filing his claim within three months, where he had actual notice of the assignment proceedings, and had filed his petition for a citation to require the assignee to appear in court and be examined as to the extent of his property.

*H. B. Claflin Co.* v. *Kelley,* 64 Ill. App. 525, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

During the winter and spring of 1893 the Imperial Hotel Company purchased certain ground near the north end of Jackson Park, in Chicago, and erected thereon a building called the Windermere Hotel. Before the completion of the building it contracted with appellant for a large amount of goods for furnishing the hotel ready for use during the World's Fair. The goods were shipped, and some of them began to arrive before May 20, 1893, but before all the goods were delivered the corporation "A. C. Mills & Co." was organized to operate the hotel under a lease from the Imperial Hotel Company, and all of the furnishings that had been delivered were transferred to A. C. Mills & Co., and all the goods that arrived thereafter, though consigned to the hotel company, were received and used by A. C. Mills & Co., the transfer being

the result of an agreement between the two companies. The hotel failed, and in August, 1893, W. G. Stevens was appointed receiver for both companies and took possession and ran the hotel.    Thereafter, on October 17, 1893, both companies, their officers being the same, executed deeds of voluntary assignment to the appellee, Charles B. Kelley.   The assignee gave bonds in each assignment, and on April 30, 1894, reported to the county court that he had taken possession of the estates of the insolvents, subject to the rights of the said receiver, and that on January 6, 1894, he had published notice to creditors and mailed copies of such notice to such creditors, including appellant, notifying them to present their claims on or before April 6, 1894, as required by law.   The assignee also afterward reported to the court lists of all creditors who had filed their claims within the time limited, as well as of those who had filed their claims after such date, but neither of these lists contained the name of appellant.    These reports were approved by the court and an order made directing the sale of the assets of the companies.  Sale was made and confirmed by the court.  The assignee filed his inventories March 21, 1894.   The appellant contended that it had received no notice of the assignments.    However, it appeared that on October 30, 1893,—a few days after the assignments,—the appellant filed a petition in the county court in the case of A. C. Mills & Co., stating that it was a creditor, and asked for a citation against the officers of A. C. Mills & Co., requiring them to appear and be examined as to the extent and value of the estate of their company.

On February 10, 1894, appellant began suit in the Superior Court of Cook county against both the Imperial Hotel Company and A. C. Mills & Co. upon the indebtedness due it for the goods sold as above.   Both companies filed separate pleas of the general issue with affidavit of complete defense, under oath of J. H. Defrees, their president.   Appellant recovered judgment July 27, 1894,

against both companies jointly, for $26,487.35. They took the case on appeal to the Appellate Court, and from its judgment of affirmance appealed to this court. Appellant did not file any claims with the assignee, but on May 10, 1894, filed its petitions in the assignment cases, setting forth its claims, the suit that it had brought and the defense that had been made. On November 6, 1895, it filed its amended petitions, setting forth the recovery of the judgment, its affirmance by the Appellate Court and its pendency in the Supreme Court, and asked for leave to file its claim with the assignee and share in all of the assets of the insolvents *pro rata* with all other creditors who might be permitted to participate therein; charging fraud on the part of the assignee; alleging that he had conspired with Defrees, the president of the companies, to enter the defenses in the assumpsit suit, and thereby prevent appellant from obtaining judgment in time to file its claims, properly sworn to, with him before the expiration of the three months mentioned in his notice, and that as part of such scheme he had not sent appellant any notice by mail, but strictly avoided doing anything that would call its attention to the published notice; that at no time did the assignee take actual possession of the assigned property, it remaining in the hands of the receiver, and that appellant was thereby deceived into believing that the assignment would not amount to anything; that no dividend had at that time been ordered or paid by the assignee. Appellee demurred to the amended petitions, and the demurrers were sustained and the petitions dismissed, whereupon appellant appealed to the Appellate Court for the First District, which affirmed the judgment. Appellant has further appealed to this court.

JAMES A. FULLENWIDER, for appellant.

EDWARD S. ELLIOTT, (ALDRICH, REED, BROWN & ALLEN, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The contention of appellant in this case is, that under the facts shown by its petition filed in the assignment cases in the county court it was excused from exhibiting its claims, as required by the statute, within three months from the publication of notice to creditors, and that it is not, therefore, barred by the statute from sharing equally with other creditors in the assets of the estate.

Section 10 of the act concerning voluntary assignments is as follows: "That any creditor may claim debts to become due as well as debts due, but on debts not due a reasonable abatement shall be made when the same are not drawing interest; and all creditors who shall not exhibit his, her or their claim within the term of three months from the publication of notice, as aforesaid, shall not participate in the dividends until after the payment in full of all claims presented within said term and allowed by the county court."

We are wholly unable to find any grounds set up in the petition which, under the statute, could be held sufficient to excuse the appellant from the performance of the condition prescribed of filing its claim within three months from the publication of notice, upon which, by the statute, its right to share equally with other creditors in the assets of the assigned property is based. The pendency of the suit brought in the Superior Court by appellant did not in anywise interfere with the presentation of its claim to the assignee. The charge of fraudulent conspiracy between the assignee and Defrees, the president of the company, to make defense in the assumpsit suit,—the manner in which such defense was made preventing, as the petition alleges, the appellant from obtaining judgment in time to file its claim, properly sworn to, with the assignee before the expiration of the three months,—shows no sufficient reason for the neglect or failure of appellant to present its claim within the time fixed by the statute.

The decision of this court in *Suppiger* v. *Gruaz*, 137 Ill. 216, does not support the contention of appellant. This court said in that case (p. 221): "The section of the statute relied upon by plaintiffs in error no doubt requires all who may be creditors at the time of the assignment to present their claims within three months, whether the claims may be due or not due; but the section of the statute evidently has reference to existing creditors, and not to such persons as may, in a contingency, afterwards become creditors." The claim here in dispute, unlike the one in the *Suppiger case*, was an existing claim at the time of the assignment, and nothing said in that case has any application here. See, also, *Kean & Co.* v. *Lowe*, 147 Ill. 564.

The petition shows that the appellant had notice of the assignments during the same month in which they were made, and its allegation that in carrying out the alleged fraudulent scheme of the assignee no notice was mailed to appellant, would, under the showing made by this petition, be equally ineffectual. It is among other things alleged that appellant inquired of appellee and his attorney, and had examined the records, and knew that no property had come into the possession of the appellee, and that no inventory had been filed and no notice published prior to January 1, 1894, and that it was led to believe that said assignment would fail of its purpose, and to relax its vigilance. As before said, appellant knew of the assignment within the same month it was made, and filed its petition for citation against A. C. Mills & Co. to appear and be examined in respect to the extent of its property, and the matters alleged show no sufficient reason for non-compliance by appellant with the statute.

The demurrer was properly sustained, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*