## FALL TERM, 1915

### J. H. CLARK v. HENRY WHITEHURST.

(Filed 15 September, 1915.)

**1. Appeal and Error—Questions Reviewable—Nonsuit—Evidence.**
    On appeal from a nonsuit the evidence must be taken as true.

**2. Trover and Conversion—Acts Constituting—Liability.**
    An occasional employee, who took the employer's mule at night and drove it off without the knowledge or consent of the employer, was guilty of a tortious conversion, and an act indictable under Revisal 1905, sec. 3509; and where the mule died in his possession he was liable for its value, at least in the absence of any evidence in support of his claim that the death was accidental.

APPEAL by plaintiff from *Justice J.,* at February Term, 1915, of BEAUFORT.
    From a judgment of nonsuit, plaintiff appeals.

*Ward & Grimes for plaintiff.*
*No counsel contra.*

CLARK, C. J.   The complaint alleges that the defendant wrongfully took from the stables of the plaintiff a bay mule, the property of the plaintiff, without his knowledge or consent, and drove him a distance unknown to the plaintiff, and so cruelly mistreated and abused said mule that he died, and this action is to recover the sum of $200, alleged to be the value of the mule.

1—171

CLARK *v.* WHITEHURST.

At the trial the evidence for the plaintiff was that the defendant, who was in the employment of the plaintiff as an occasional laborer, took the mule in question from plaintiff's stables at night, and drove her off without his knowledge or consent, and that while in his possession the mule died; that the mule was worth $200; and he asks damages in that amount. There was evidence that the defendant was cruel to teams, but no direct evidence that the death of the mule had been caused by overdriving or bad treatment, and doubtless on that ground the court directed a nonsuit. In this there was error.

In *Bethea v. McLennon,* 23 N. C., 531, it is said: "There is a marked distinction between the action of detinue and that of trover, though, in many cases, it is at the option of the plaintiff to bring which he will. The former asserts a continuing property in the plaintiff, and alleges the wrong to consist wholly in the withholding the possession of his goods from him by his bailee; while the latter affirms that, although they were once the proper goods of the plaintiff, they have been made the goods of the defendant, and complains of the injury caused by this conversion. If, after being thus converted, the goods perish by unavoidable accident, the loss falls upon the defendant, who has made them his; and this misfortune shall not exonerate him from answering for the prior wrongful conversion."

The defendant in this case was not a bailee, and this was a tortious conversion under circumstances which made the defendant indictable, if the evidence is true; and it must be taken as true upon a nonsuit. Revisal, sec. 3509; *S. v. Darden,* 117 N. C., 697. Besides, though the defendant so averred in his answer, he has offered no evidence that the death of the mule was caused by accident, which at most was a matter of defense and in his knowledge. The defendant, having taken the mule wrongfully and not having returned him, is liable for his value. In *Skipper v. Hargrove,* 1 N. C., 27, it was held that where one had wrongfully taken a slave, who died pending the action to recover her, he was liable for her value. It is true that this case was criticised in *Bethea v. McLennon, supra,* but solely upon the ground that the action was brought in detinue, and not in trover, as in the present case. These refinements as to the distinction of the forms of action have now long since disappeared. But if they had not, the present is an action not for the specific property as in detinue, but for damages for the conversion and for the failure to return.

In *Taylor v. Welsh,* 138 Ill. App., 190, it was held that even in an action to recover the animal, if it proved to be in a dying condition when returned, the defendant was liable for the loss. In Sedgwick Damages, sec. 536a, it is said that in replevin, if the loss to the property by death or otherwise occurs through the default of the defendant, "he is of course

responsible. There seems no reason why the same rule should not apply to the loss of other property by inevitable accident; it has been held in such case that the possessor must answer for its value, though the loss happened without his fault," citing *Jennings v. Sparkman,* 48 Mo. App., 246; *Suppiger v. Gruaz,* 137 Ill., 216, 27 N. E., 22; *Lumber Co. v. Blanks,* 133 Fed., 479, 66 C. C. A., 353, 69 L. R. A., 283.

The defendant was in possession of the animal wrongfully, even criminally, if this evidence is to be believed. The animal died while in his possession. He has failed to restore it to the owner in good condition, or show any excuse, and is liable for its value. This case differs entirely from *Sawyer v. Wilkinson,* 166 N. C., 497, where a mule was hired to the defendant, to be returned in good condition, and the mule was burned to death when a fire destroyed the defendant's stables without any negligence on his part. In that case it was held that the bailee, being in lawful possession of the mule, was responsible only for ordinary care in its preservation and protection, and was not responsible for its destruction and consequent failure to return it, in the absence of any negligence on his part. Though this decision is in accordance with the weight of authority, there are many cases which hold that even where the party holds under a contract of bailment, if there is a special contract to return the horse in good condition, and the horse dies in the bailee's possession, though without fault on his part, he is liable for its value as insurer. *Grady v. Schweinler,* 16 N. D., 452, 125 Am. St., 676, 15 Anno. Cases, 161, and cases there cited.

In *Doolittle v. Shaw,* 92 Iowa, 348, 26 L. R. A., 370, 54 Am. St., 562, it is held that even in a contract of bailment, if the bailee acts in such way, in violation of the terms of the contract, as to indicate an appropriation of the property temporarily, or permanently, to his own use, or exercises acts of ownership over it inconsistent with the owner's rights, he is liable for its value if it dies or is injured. *Scott v. Elliott,* 63 N. C., 215, is largely taken up with a discussion of the distinction between detinue, replevin, and trover, matters which have happily ceased to be of any interest; but it holds, which is relevant to this case, that where the action is brought for damages for wrongful conversion the measure of damages is the value of the property at the time of the taking.

The judgment of nonsuit is

Reversed.