Action by plaintiff to recover of defendant ten Liberty Loan Bonds of the par value of $10,000, or in lieu thereof, the value of said bonds.
On 5 February, 1921, plaintiff, owner of said bonds, delivered the same to the Pollocksville Banking Trust Company, under an agreement in writing by which the said Pollocksville Banking Trust Company agreed to return the said bonds to plaintiff on or before 1 January, 1922. Subsequently Pollocksville Banking Trust Company transferred said bonds to the New Bern Banking Trust Company as collateral security for the payment of its note to the said New Bern Banking Trust Company for $26,000 for money loaned to it. Upon default in the payment of the said note, New Bern Banking Trust Company sold the said bonds and other bonds held by it as collateral for said note, and our of the proceeds of the said sale, paid said note and accrued interest. Said company thereupon applied the excess of the proceeds of the said sale, to wit, the sum of $4,644.83, as a payment on other indebtedness then due it by Pollocksville Banking Trust Company.
After 1 January, 1922, plaintiff demanded of defendant, O. W. Lane, who had been appointed receiver of Pollocksville Banking Trust Company and of New Bern Banking Trust Company, the return of said bonds in accordance with the agreement under which they were delivered by plaintiff to Pollocksville Banking Trust Company. He alleges that New Bern Banking 
Trust Company, which had changed its name and was doing business under the name of the Eastern Bank Trust Company, wrongfully converted said bonds to its own use; *Page 345 
he demanded judgment that in event same could not be returned that he recover of the said Eastern Bank Trust Company the value of said bonds, so wrongfully converted by it.
From the judgment rendered, both plaintiff and defendants appealed to the Supreme Court.
On 5 February, 1921, plaintiff, D. W. Whitford, owned and had in his possession ten Liberty Loan Bonds of the United States of America of the par value of $10,000. On said date he delivered said bonds to the Pollocksville Banking Trust Company, a corporation engaged in the business of banking, in this State, pursuant to an agreement with respect to said bonds, in writing, signed by both parties. In said agreement, Pollocksville Banking Trust Company agreed to return said bonds to plaintiff on or before 1 January, 1922. Said company procured the loan of said bonds by plaintiff to it for the purpose of using same as collateral for money which it then contemplated borrowing. This purpose, the jury has found, was known to plaintiff at the time he delivered said bonds to Pollocksville Banking Trust Company.
On said date Pollocksville Bank Trust Company deposited said bonds with the New Bern Banking Trust Company, a corporation engaged in the business of banking, in this State, as collateral security for a loan of $8,000, contemporaneously made to it by said New Bern Banking Trust Company. On 25 May, 1921, the note for this loan, which was then past due, was consolidated with other notes then held by New Bern Banking Trust Company into one note, for $26,000; as security for this consolidated note, which was due on 24 July, 1921, Pollocksville Banking Trust Company deposited Liberty Loan Bonds, of the par value of $23,000 which it owned, but which had been theretofore deposited by it with New Bern Banking 
Trust Company as collateral security together with the bonds which had been delivered to it by plaintiff, under the agreement aforesaid, of the par value of $10,000, making the total security for said note of $26,000, Liberty Loan Bonds of the par value of $33,200.
The note for $26,000 was not paid at maturity. On 22 October, 1921, under the power of sale contained in the note, New Bern Banking Trust Company sold all said bonds, receiving therefor the sum of $31,039.16. From said sum New Bern Banking Trust Company paid the note for $26,000 and accrued interest — $394.33 — leaving in its hands an excess of $4,644.83. *Page 346 
At the date of the loan of $8,000, to wit, 5 February, 1921, and also at the date of the note for $26,000, to wit, 25 May, 1921, the Pollocksville Banking Trust Company was indebted to New Bern Banking Trust Company in a large sum, as evidenced by notes, not including the notes specifically secured by Liberty Loan Bonds; this indebtedness was secured by the assignment and deposit of various notes and other securities, the face value of which largely exceeded the amount of the indebtedness. This indebtedness was past due on 22 October, 1921, and New Bern Banking Trust Company applied the sum of $4,644.83, the excess in its hands from the sale of the Liberty Loan Bonds, including the bonds which plaintiff had delivered to Pollocksville Banking Trust Company under the agreement aforesaid, as a payment on this indebtedness. New Bern Banking Trust Company has collected large sums of money on the notes and securities, which were assigned and deposited with it by Pollocksville Banking Trust Company as collateral for its indebtedness. It now has in hand many of said notes and securities; a balance remains due on the indebtedness of the Pollocksville Banking Trust Company to New Bern Banking Trust Company, now doing business under the name of Eastern Bank Trust Company; as security for said balance, Eastern Bank Trust Company holds collateral now in its hands and uncollected, deposited by Pollocksville Banking 
Trust Company with it, the face value of said collateral being largely in excess of the balance due on its indebtedness.
The jury has found as a fact that at the time plaintiff loaned the bonds to the Pollocksville Banking Trust Company he knew of the purpose of said company to use the same as collateral security for loans which it then contemplated procuring to be made to it, and that with this knowledge he delivered said bonds to the Pollocksville Banking Trust Company.
The jury has further found as a fact that when the New Bern Banking 
Trust Company accepted said bonds as collateral security for the loan made by it to Pollocksville Banking Trust Company, it knew that the bonds had been delivered by plaintiff to Pollocksville Banking Trust Company under the agreement in writing for the purpose aforesaid and that it was therefore not a purchaser of said bonds, for value, before maturity, without notice of any defect or infirmity in the title to said bonds of the Pollocksville Banking Trust Company.
These facts are determinative of the rights and obligations of the parties to this action, with respect to said bonds or to the proceeds of the sale of the same.
Upon the facts found by the jury and upon admissions made in the pleadings and on the trial of the action, the court was of the opinion *Page 347 
and so held that New Bern Banking Trust Company had the right to sell the bonds held by it and delivered by plaintiff to Pollocksville Banking 
Trust Company, upon default in the payment of the note specifically secured by said bonds, and to apply the proceeds of said sale to the payment of said note, after having first exhausted the proceeds of the sale of the Liberty Loan Bonds owned by Pollocksville Banking Trust Company and also held by New Bern Banking Trust Company as security for said note.
The court was further of opinion, and so held, that the application of the excess remaining in its hands from the sale of said bonds, to wit, $4,644.83, as a payment on indebtedness of Pollocksville Banking Trust Company, not specifically secured by said bonds, was without authority and that plaintiff is entitled to recover of New Bern Banking Trust Company (now Eastern Bank Trust Company), the said sum of $4,644.83, wrongfully applied as such payment.
The court was of the opinion, and so held, that plaintiff was entitled to an accounting with New Bern Banking Trust Company (now Eastern Bank 
Trust Company), to the end that proceeds from collection of notes and securities in its hands, as collateral for indebtedness due to it by Pollocksville Banking Trust Company, after the payment of said indebtedness, might be applied in exoneration of the bonds loaned by plaintiff to Pollocksville Banking Trust Company, under the agreement of which New Bern Banking Trust Company had notice at time said bonds were deposited with it.
Judgment was therefore rendered that plaintiff recover of defendant, Eastern Bank Trust Company, the sum of $4,644.83, with interest at 6 per cent from 22 October, 1921, and the costs of the action to be taxed by the clerk.
It was further ordered that the action be retained to the end that the equities between the parties may be adjusted by the court when the accounting ordered has been made.
Plaintiff assigns as error the submission by the court to the jury of the second issue, which was as follows:
"2. Did the plaintiff have knowledge at the time he loaned the bonds, set out in the agreement and described in the complaint, that the Pollocksville Banking Trust Company was borrowing same for the purpose of depositing them as collateral security?"
The relationship between plaintiff and the Pollocksville Banking Trust Company, with respect to said bonds, under their agreement was that of bailor and bailee for mutual benefit; the company agreed to pay to plaintiff, for the use of the bonds, the sum of $50 per month; the consideration for this agreement was the right to use said bonds from 5 February, 1921, to 1 January, 1922; the company agreed to *Page 348 
return the bonds to plaintiff on the latter date; however, it is apparent from the terms of the agreement, that both parties contemplated, as a probable contingency, the company's inability to return said bonds; the company transferred and assigned to the plaintiff two notes, aggregating $10,000, directing, if it failed in any respect to comply with its agreement, that plaintiff should collect said notes and retain the proceeds thereof; it is expressly provided that his right to do this is "in addition to his right to sue for the return of the bonds."
As between plaintiff and the Pollocksville Banking Trust Company, plaintiff was entitled on 1 January, 1922, to the return of the bonds, or to the payment of their value as damages for the breach of the company's contract to return them. New Bern Banking Trust Company (now Eastern Bank Trust Company), however, is not a party to this bailment. It is the assignee and transferee of the bailee. In paragraph 2 of its amended answer it says that "at the time of the loaning of the bonds in controversy by plaintiff to Pollocksville Banking Trust Company, it was understood as a part of the transaction that the loan of the bonds was being made so that Pollocksville Banking Trust Company could hypothecate them and borrow money on them."
This is an allegation of a special contract between the bailor and the bailee, affecting the rights of a creditor of the bailee who loaned money and took the bonds as collateral security for the loan. Without the special contract as alleged, the bailee had no authority to sell or pledge the bonds, and a creditor, although an innocent purchaser for value, acquired no title to the bonds as against the bailor. 3 R. C. L., 142. If, however, the bailor, with knowledge that the bailee was borrowing the bonds for the purpose of transferring and assigning them to a creditor as collateral security, delivered them to the bailee, who thereafter assigned and transferred them as collateral security for a loan, he was estopped from asserting title to said bonds against such bona fide creditor. 3 R. C. L., 143.
The issue submitted arises upon the pleadings. There was no error in submitting the second issue, and the exception cannot be sustained.
Plaintiff's assignments of error, presenting his contention that New Bern Banking Trust Company held the bonds subject to the right of plaintiff, as against Pollocksville Banking Trust Company, to the return of the bonds on 1 January, 1922, cannot be sustained. This contention is inconsistent with the understanding between plaintiff and Pollocksville Banking Trust Company that the latter contemplated using the bonds as collateral security. The bonds were in the rightful possession of New Bern Banking Trust Company and said company had authority to sell the same and apply the proceeds of the sale to *Page 349 
the payment of the loan, which this company made upon the security of said bonds. As against New Bern Banking Trust Company, plaintiff is not entitled to the return of said bonds nor to so much of the proceeds of their sale as was required to pay its loan. Clark v. Whitehurst, 171 N.C. 1, cited by plaintiff, has no application to this case. See Newsome v.Bank, 169 N.C. 534, where it is held by this Court that the owner of notes, deposited as collateral for the debt of another, is entitled to the return of the notes upon the payment of the debt, or to the excess from the proceeds of the collection of the notes, if the debt has been paid therefrom.
In the note executed by Pollocksville Banking Trust Company payable to the order of New Bern Banking Trust Company, dated 25 May, 1921, it is provided that "said collateral may from time to time, by mutual consent, be exchanged for others, which shall also be held by said company on the terms above set forth; and that if we shall come under any other liability or enter into any other engagement with said company, while it is the holder of this obligation, then the proceeds of the sale of the above securities may be applied either on this note or on any other liabilities or engagements held by said company, as its president or cashier may elect."
There is no evidence that Pollocksville Banking Trust Company came under any other liability to or entered into any other engagement with New Bern Banking Trust Company, after 25 May, 1921; it therefore held the bonds as security for this note only; it was without authority to apply said bonds or any part of the proceeds of the sale of the same except as a payment on the note for which they were specifically pledged. Colebrook on Collateral Securities, sec. 97.
New Bern Banking Trust Company held as specific security for the note executed by Pollocksville Banking Trust Company (1) bonds owned by its debtor, (2) bonds owned by plaintiff. Clearly, the bonds owned by the debtor must first be applied to the payment of the debt, in exoneration of the bonds owned by plaintiff. 6 Pomeroy Eq. Jur., sec. 912-2.
If in addition to the specific security for this note, the New Bern Banking Trust Company held securities, the property of Pollocksville Banking Trust Company, as specific security for other indebtedness of Pollocksville Banking Trust Company and also as general security for all its indebtedness to New Bern Banking Trust Company, after the payment of the indebtedness for which these securities were specifically pledged, the remainder of the securities should be applied in exoneration of bonds of plaintiff, upon well-settled principles of equity for the protection of a surety. The bonds of the plaintiff are secondarily liable for the payment of the note; securities owned by the *Page 350 
debtor and transferred to a creditor as general collateral and held as such, are and should be primarily liable for the payment of all indebtedness of the debtor to the creditor in exoneration of collateral owned by a third person and specifically pledged by the debtor with the consent of the owner. Plaintiff as owner of the bonds, secondarily liable, is entitled to be subrogated to the rights of the creditor in and to securities of the debtor which are primarily liable for the indebtedness. In order to ascertain the facts with respect to these matters, an accounting was properly ordered by his Honor.
If upon such accounting it shall appear that Eastern Bank Trust Company now has in hand any collateral, or proceeds of any collateral, sold or collected by it, owned by Pollocksville Banking Trust Company, and transferred as security for its indebtedness to New Bern Banking Trust Company, plaintiff will be entitled to the application of same, under orders of the court, to the full exoneration of his bonds. Both plaintiff and Eastern Bank Trust Company are creditors of Pollocksville Banking 
Trust Company, and plaintiff is entitled to the equitable remedy of marshaling with respect to securities held by Eastern Bank Trust Company. Eaton on Equity, p. 513; Harris v. Cheshire, 189 N.C. 219.
We have carefully examined defendant's assignments of error. They cannot be sustained. The judgment is supported by well-settled principles, and is in accord with the authorities. There is
No error.