Larry G. Dyslin Executive Secretary Motor Vehicle Dealer Licensing Board State of Colorado 140 West Sixth Avenue Denver, CO 80204
Dear Mr. Dyslin:
This opinion letter is in response to your July 10, 1984 letter, in which you inquired whether automobile leasing companies and their agents were acting as motor vehicle dealers.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents the following questions:
Facts
An automobile leasing company uses a closed-end lease which provides the lessee no option to purchase the vehicle. The lease provides that the lessee may sell the vehicle at the end of the lease and retain the sale proceeds in excess of the estimated depreciated value of the vehicle. Further, the leasing company's agent will assist the lessee in disposing of any vehicle the lessee may own prior to entering the lease.
1. Whether the leasing company is a motor vehicle dealer as defined in section 12-6-102(13), C.R.S. (1973)?
Yes.
2. Whether the agent is a used motor vehicle dealer as provided in section 12-6-102(17), C.R.S. (1973)?
Yes.
ANALYSIS
Section 12-6-102(13), C.R.S. (1973) provides that any person who sells, exchanges, rents with option to purchase, offers, or attempts to negotiate a sale or exchange of an interest in motor vehicles, with intent to make a gain of anything of value, is a motor vehicle dealer. The leasing company that rents with no option to purchase appears not to fall within this definition. However, where the lease grants the lessee the power to sell the vehicle, a close analysis is required to determine whether the lessor is a motor vehicle dealer.
The dealer licensing laws were enacted for the protection of the public, section 12-6-101, C.R.S. (1973), and should be broadly construed to encompass all who are within their ambit.See State v. Miner, 331 N.W.2d 683 (Iowa 1983). The leasing company that grants the lessee the power to sell the leased vehicle is selling or exchanging an interest in the vehicle. This interest is greater than just the power to use the vehicle for a fixed term. It includes the power to alienate all the lessor's interest in the vehicle. The lessor is selling not only possession of the vehicle, but also its entire ownership interest in the vehicle. See Whitford v.Lang, 190 N.C. 343, 130 S.E. 36 (1925). The lessor retains only a security interest in the vehicle to secure performance of the lease. The exchange of an ownership interest in the vehicle, coupled with intent to gain value, makes the leasing company a motor vehicle dealer.[1]
The leasing agent who agrees to assist in disposing of the vehicles the lessee owns prior to entering the lease is also a dealer.[2] Section 12-6-102(17), C.R.S. (1973) provides that any person who attempts to negotiate the sale of an interest in used motor vehicles, with intent to make a gain of anything of value, is a used motor vehicle dealer. There is no question that the agent is attempting to negotiate the sale of a vehicle. The question is whether the person's intent is to gain anything of value. Although not specifically presented in your letter, we will assume for these purposes that the agent charges no commission or other fee for selling the car.
Regulation 12-6-102(17), 1 C.C.R. 205-1 at 2 (12-81), requires licensing where a person attempts to negotiate the sale of a motor vehicle with the object of directly or indirectly obtaining any gain, benefit, or advantage. The agent's obvious purpose in selling the lessee's used car is to gain the lessee's goodwill and to induce the lessee to enter the lease. A gain or advantage encompasses anticipated rewards. See Lovely v.Burroughs Corporation, 165 Mont. 209, 527 P.2d 557 (1974). This indirect reward is of benefit to the agent and makes the agent a used motor vehicle dealer.
SUMMARY
The automobile leasing company which provides its customers no option to purchase the leased vehicle is not a motor vehicle dealer under section 12-6-102(13), C.R.S. (1973), but where the lease gives the customer authority to sell the vehicle to a third party, the leasing company exchanges an interest in a motor vehicle and is a motor vehicle dealer. An agent of the leasing company who agrees, as an inducement to enter the lease, to dispose of the customer's used vehicle is a used motor vehicle dealer under section 12-6-102(17), C.R.S. (1973) and is required to obtain a used motor vehicle dealer's license.
Very truly yours,
 DUANE WOODARD Attorney General
MOTOR VEHICLES LICENSES LICENSES, OCCUPATIONAL AND PROFESSIONAL
Section 12-6-102(13), C.R.S. (1973) Section 12-6-102(17), C.R.S. (1973)
REVENUE, DEPT OF. Colo. Dealers Licensing Bd
Leasing company renting with no option to purchase is not motor vehicle dealer. Company's agent who disposes of customer's used motor vehicle is a used motor vehicle dealer.
[1] If the lessee acts as the leasing company's agent in selling the car, the lessee is employed, for compensation, to negotiate the sale of the car and would therefore be a motor vehicle salesman. Section 12-6-102(14), C.R.S. (1973).See United Buying Service, Inc. v. The State ofColorado Department of Revenue, 37 Colo. App. 465, 548 P.2d 1286
(1976). Further, the agent who negotiates the lease for a commission or fee is a motor vehicle salesman.
[2] This analysis assumes that there is no connection between the agent's disposal of used vehicles and the leasing company. If the agent's actions in this regard are on behalf of the leasing company, which intends to gain from the transaction, the inquiry would then be whether the agent is a salesman.