FREDERICK B. SUPPIGER ET AL., ASSIGNEES, ETC.,

v.

CHARLES H. SEYBT, ADMINISTRATOR.

*Assignments—Secs. 2 and 10, Chap. 10a, R. S.—Object of Sec. 10—Notice by Mail, not Essential.*

1.  It is the object of Sec. 10, Chap. 10a, R. S., to fix a time at which the estate of the assignor shall be placed in process of final settlement and after which distributions may be made without the risk of uncertainty arising from the allowance of subsequently presented claims.

2.  The courts will give effect to the express language of said section, making it apply to all creditors, and not merely to those who were known to the assignees and to whom notices were mailed.

3.  All creditors are entitled to notice, but that notice may be merely constructive, by publication.

[Opinion filed June 7, 1887.]

IN ERROR to the Circuit Court of Madison County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. KROME & HADLEY and W. C. KUEFFNER, for plaintiffs in error.

Messrs. WISE & DAVIS, for defendant in error.

WILKIN, P. J.   On the 31st day of January, 1885, Mrs. Josephine Ryhiner died intestate in Madison County, this State, leaving Frederick C. Ryhiner (one of plaintiffs in error), her son, and Mrs. Louisa Thedinga, her daughter, her only heirs at law.  She owed no debts at her death.  She had on call deposit, in the bank of F. Ryhiner & Company, at Highland,

Illinois, $17,727.68. On the 4th day of May of that year, F. Ryhiner & Company made an assignment for the benefit of their creditors, under Chap. 10a, R. S. of this State, and appointed plaintiffs in error their assignees. In the list of their creditors attached to the deed of assignment appeared "Ryhiner, Mrs. Jos. Highland. $17,727.68."

On the 15th day of May, 1885, the assignees gave notice of the assignment, and requested all creditors to present their claims under oath or affirmation within three months from that date, which was published in two newspapers in said Madison County for more than three weeks. No notice was mailed to Mrs. Ryhiner or any one representing this claim. On the 21st day of September, 1885, defendant in error was appointed administrator of Mrs. Ryhiner, and on that day filed in the County Court of Madison County against plaintiffs in error the claim involved in this proceeding.

On the 3d of October following, plaintiffs in error, as assignees, and also as creditors of F. Ryhiner & Company, filed exceptions to the claim: 1st, because it was not filed within three months after publication of notice to claimants to present their claims for allowance; and 2d, because the nature of the debt claimed to be due, is not sufficiently set forth. The County Court sustained the first exception and allowed the claim for the full amount, but postponed it to all other claims presented within three months from the publication of notice by assignees, and allowed by the court. Defendant in error appealed from that judgment to the Circuit Court of said county, and the case was there submitted and the claim allowed in full, with costs, to be paid in due course of settlement of the assigned estate, placing claimant upon the same footing with creditors whose claims had been presented within three months, and duly allowed. This writ of error is prosecuted from that order, and it is insisted that the Circuit Court erred in allowing this claim to participate in the dividends of the assets before claims presented within three months from the publication of notice by assignees, and this is the only question here presented. It is purely one of law, and its determination depends entirely upon the construction to be given to the

second and tenth sections of the chapter above referred to. The second section requires the assignees to give notice to creditors to present their claims within three months thereafter, under oath or affirmation. By it two kinds of notice are required to be given. First, there must be publication; and second, a notice mailed to "*each creditor of whom he or they shall be informed.*" The publication is a general notice to all creditors; that by mail may or may not be to all, depending upon the information of the assignees. It clearly contemplates the existence of creditors who can only be constructively notified by publication. Sec. 10 provides that "all creditors, who shall not exhibit his, her, or their claim within the term of three months from the *publication* of notice as aforesaid, shall not participate in the dividends until after the payment, in full, of all claims presented within said time and allowed by the court." The only substantial ground upon which defendant in error seeks to avoid the force of the express language of this section is by maintaining that when construed with the language of the second section, it must be held to mean, that claims not presented within three months from publication *and mailing notice*, shall not *participate*, etc., and he therefore insists that inasmuch as no notice was mailed to Mrs. Ryhiner, or any one representing this claim, it should not be postponed though filed long after three months from publication. The object of Sec. 10 manifestly is to fix a time at which the estate of the assignor shall be put in process of final settlement, and after which distributions may be made, without the risk of uncertainty arising from the allowance of subsequently presented claims. It is therefore necessary to give it a construction or rather give effect to its express language, making it apply to all creditors and not to those only who were known to the assignees and to whom notices were mailed; otherwise the object of the provision is defeated. All creditors are entitled to notice, but that notice may be merely constructive notice by publication. To say that creditors may, without limit, file their claims and be allowed to share *pro rata* in the distribution of the estate, by simply proving that no notice was mailed to them, leaves not only this section, but

also so much of Secs. 4, 5 and 6, as provides for putting the estate in process of final settlement after the expiration of three months from the "first publication of notice" without effect. The reason of this statute is the same as that requiring creditors of deceased persons to exhibit their claims within two years after the grant of letters of administration. People v. White, 11 Ill. 341, 349; Metropolitan Bank v. Morehead, 38 N. J. Eq. 493; *In re* Holt, 45 Iowa, 30.

The doctrine of notice announced in the authorities cited by counsel for defendant in error, has no application to this class of cases. Even publication is only necessary because the Legislature has seen fit to provide the three months shall begin to run from that date instead of the date of filing the deed of assignment. The People v. White, *supra.* We hold that the failure to file this claim within three months from the first publication, *prima facie* bars claimant's right to participate in the distribution of the assets of the estate with those whose claims were so presented and allowed; and that the mere fact that no notice was mailed to Mrs. Ryhiner, or others representing this claim, does not remove that bar. It may be that cases will arise in which under the general powers conferred upon County Courts by this act, claims not presented within the three months can be allowed to have the same effect as if presented within that time. This case presents no equities whatever; shows no willful neglect on the part of the assignees; offers no excuse whatever for the delay in presenting the claim, except that no notice was mailed. There is no pretense even that by the published notices, all parties interested in this claim were not fully advised of the assignment, and the notice to all creditors to present their claims. Even on the theory of defendant in error a pertinent inquiry arises to which we find no satisfactory answer in this record or the argument of counsel. To whom should the notices have been mailed? Certainly not to Mrs. Ryhiner, because she had been dead several months and was no longer a creditor of the assignors. There is no evidence (except by inference) that the assignees knew who her heirs were, but suppose they did know that fact, there is nothing from which we can even

infer that they knew that she had not disposed of this claim before her death by assignment or will. It is said that her son, being one of the assignees, must have been informed of her death, and who was entitled to this claim, and by her near relationship, to be one of the assignees, her place of residence, etc., the rights of the daughter must have been known. By a parity of reasoning, both the son and daughter knew all the facts necessary to be known, in order to enable them to protect their rights. They were under no disability. If administration was necessary upon their mother's estate, they had the right and it was their duty to procure it. We see no hardship to result to defendant in error from the enforcement of the law as construed by the County Court of Madison County, which may not result in every case in which the claimant fails to file his claim as required by the statute. We are not to presume that under this construction of the law assignees will by fraud and collusion defeat the rights of creditors, nor that creditors will use no reasonable diligence to enforce collection of their claims, until they are notified by their debtors or their representatives that some legal proceeding is necessary. Both presumptions are the other way. We are not, however, called upon to give a construction to the statute which will avoid hardship to this or any other individual claimant, but to give such force to its various provisions as will effectuate its object, and so far as may be, protect the rights of all parties interested. In our opinion the judgment of the County Court was correct, and that of the Circuit Court erroneous. The latter will therefore be reversed and the cause remanded, with directions to affirm the judgment of the County Court.

*Reversed and remanded.*