## THE JOLIET NATIONAL BANK

*v.*

## JAMES L. O'DONNELL, Assignee.

*Filed at Ottawa January 19, 1897.*

1. VOLUNTARY ASSIGNMENTS—*purpose of statute requiring creditors to present claims within three months.* The purpose of section 10 of the Voluntary Assignment act, (Laws of 1877, p. 116,) requiring creditors to file their claims with the assignee within three months after his notice, is to hasten the settlement of the estate rather than to bar *bona fide* claims not presented within the letter of the law.

2. SAME—*creditor need not himself make oath to claim.* A claim filed by a creditor with the assignee and duly sworn to by him, which includes the claim of another creditor, is a sufficient presentation of the latter claim under section 2 of the Voluntary Assignment act, which requires claims to be presented under oath or affirmation.

3. SAME—*creditor's name need not appear if claim is otherwise identified.* The fact that in a claim filed by a creditor including the claim of another creditor the latter's name does not appear will not affect the sufficiency of its presentation, where the assignee and all parties concerned were fully aware of such creditor's identity and his ownership of the claim.

4. SUBROGATION—*of creditor to rights of another—voluntary assignment.* Where a party includes conditionally in his own claim against an insolvent assigned estate the claim of another creditor, and files it with the assignee within the time allowed by law, such other creditor, on failing to file his separate claim in time, will be subrogated, as to his own claim, to the rights of the first party, acquired by presenting the same in time.

MAGRUDER, C. J., and CARTWRIGHT, J., dissenting.

*Joliet Nat. Bank* v. *O'Donnell,* 65 Ill. App. 543, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the County Court of Will county; the Hon. A. O. MARSHALL, Judge, presiding.

This is an appeal by the Joliet National Bank from a judgment of the Appellate Court affirming an order of the county court of Will county denying appellant's petition, in which it prayed that it might be allowed to *pro rate* with the creditors of Henry Fish & Sons in the assets of the firm in the hands of the assignee for distribution.

Henry Fish & Sons, bankers, doing business at Joliet, Illinois, under the name of the Stone City Bank, failed and made an assignment on the 30th day of November, 1892, to James L. O'Donnell, assignee. O'Donnell qualified as such assignee on December 2, 1892, and is still acting as such. The appellant, also doing a banking business at Joliet, at about an hour or two before the Fish bank closed its doors and made the assignment to O'Donnell, paid to the Fish bank the sum of $4200 in money, receiving therefor a draft or bill of exchange drawn by said Fish bank on its New York correspondent, the Third National Bank. This money was in good faith at once taken by the Fish bank, and either immediately paid over to its depositors, who, it seems, had about that time made a "run" on that bank, or was on the same day turned over to the assignee, the appellee, and constitutes a portion of the funds that came to appellee's hands. The draft was at once forwarded by the Joliet National Bank to its New York correspondent, the Hanover National Bank, and by the latter on December 2 presented for payment to the Third National Bank, but payment was refused and the draft went to protest. There is no question, and the record discloses the fact, that when the draft was drawn and at the time of its presentment for payment the Fish bank had more funds to its credit in the Third National Bank

165—3

than demanded by the draft. Payment of the draft, however, was refused because the Third National Bank of New York then held Joliet Enterprise Company paper, which had been endorsed by the Fish bank and discounted by the Third National Bank and the proceeds placed to the credit of the Fish bank, in consequence of which the Third National Bank claimed it had the right to set off the Enterprise paper as against the deposit to the credit of the Fish bank. The right of set-off was at once challenged, and suit immediately commenced in the Supreme Court of New York by the Joliet National Bank against the Third National Bank, when it was, afterwards, on motion of the Third National Bank, transferred to United States District Court for the Southern District of New York, where, under the issues presented, the case was decided adversely to the Joliet National Bank. Soon after the case was decided, the Joliet National Bank, on November 26, 1894, presented the claim to the assignee and filed it in the county court, together with a petition for an allowance of the claim. Objection being made to filing the claim, on December 26, 1894, appellant entered a motion for leave to file it. The court held the motion under advisement until April 6, 1895, when leave was granted to file the claim and petition for the allowance thereof. The county court allowed the claim, but ordered that appellant should not share in the dividends until payment in full of all claims which had been presented to the assignee prior to March 15, 1893. At the time the claim was filed in the county court the assignee had made no payment on any claim, nor had any payment been made to any creditor when judgment was entered by the county court in this case.

The following is a copy of the notice published by the assignee in *The Joliet Times* on the 12th day of December, 1892, notifying creditors to present their claims against the insolvent estate:

"*Assignee's sale.*—The undersigned having been appointed assignee of the property and effects of Henry Fish, Henry M. Fish, George M. Fish and Charles M. Fish, doing business as Henry Fish & Sons, by deed of assignment filed in the office of the county clerk of Will county, public notice is given to all persons having claims against said Henry Fish & Sons to present such claims, under oath or affirmation, within three months after December 15, 1892. Such claims may be presented by filing the same, under oath or affirmation, with the county clerk of Will county at his office.     J. L. O'DONNELL, *Assignee.*
. *Joliet, Ill., Dec. 12, 1892.*"

DONAHOE & McNAUGHTON, for appellant:

Cases in which the chancery jurisdiction of the county court may be invoked to extend the limitation fixed by the statute must be exceptional, and they must present some strong equitable ground for relief. *Kean & Co.* v. *Lowe*, 147 Ill. 578.

P. C. HALEY, for appellee:

Failure of a creditor of an insolvent estate to exhibit his demand to the assignee within three months from the publication of notice to present claims under section 10 of the act relating to voluntary assignments, will exclude such creditor from participating in the dividends until after payment in full of all claims presented within that time and allowed by the county court. *Kean & Co.* v. *Lowe*, 147 Ill. 564; *Suppiger* v. *Seybt*, 23 Ill. App. 470.

A mistake of law, unconnected with a mistake of fact, where there are no indications of fraud, imposition or undue advantage entering into the agreement, will neither constitute an excuse nor defense. *Sibert* v. *McEvoy*, 15 Ill. 106; *Oswald* v. *Sproehnle*, 16 Ill. App. 368; *Shafer* v. *Davis*, 13 Ill. 395.

The mistake of appellant in regard to the laws of the State of New York is not an excuse. *Oswald* v. *Sproehnle*, 16 Ill. App. 368; *Sibert* v. *McEvoy*, 15 Ill. 106; *Shafer* v. *Davis*, 13 id. 395.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It will be observed that the assignee notified creditors, by publication on the 12th day of December, 1892, to present claims against the insolvent estate within three months after December 15, 1892, and as appellant, the Joliet National Bank, failed to make a formal presentation of its claim to the assignee within the time specified, the question arises whether it is absolutely barred from sharing with other creditors who presented their claims, in the assets of the insolvent estate.

Section 2 of the Assignment act, (Hurd's Stat. 159,) provides: "That the assignee or assignees named in such assignment shall forthwith give notice thereof by publication in some newspaper published in the county, if any, and if none, then in the nearest county thereto, which publication shall be continued at least six weeks; and shall also send forthwith a notice thereof by mail to each creditor of whom he or they shall be informed, directed to their usual place of residence, and notifying the creditors to present their claims, under oath or affirmation, to him within three months thereafter." Section 10 is as follows: "That any creditor may claim debts to become due as well as debts due, but on debts not due a reasonable abatement shall be made when the same are not drawing interest; and all creditors who shall not exhibit his, her or their claim within the term of three months from the publication of notice as aforesaid, shall not participate in the dividends until after the payment in full of all claims presented within said term and allowed by the county court."

If the limitation imposed by this section is absolute, the time is so short that many cases may arise where injustice would be done, provided it is the intention of the law that all creditors shall share equally and that no preference be allowed. Hence in several cases it has been intimated that the equitable powers of the county court may be invoked to extend the limitation imposed

by the letter of the act. In *Suppiger* v. *Seybt*, 23 Ill. App. 468, the court said: "It may be that cases will arise in which, under the general powers conferred upon county courts by this act, claims not presented within the three months can be allowed to have the same effect as if presented within that time." In *Smith* v. *Goodman*, 149 Ill. 75, where it was insisted that the claim was not presented within three months, it was held that under the *peculiar* circumstances there was a sufficient presentation. In *Suppiger* v. *Gruaz*, 137 Ill. 216, it is said (p. 221): "If, therefore, his claim is now barred he will be deprived of sharing with other creditors in the assets of the insolvent, when, at the same time, he has exercised all the diligence which he could exercise to present his claim to the assignees. It is plain that a construction of this character is contrary to the entire scope and spirit of the act, as the act in express terms prohibits a preference among creditors, as will be seen by an examination of section 13."

The purpose, no doubt, of the legislature in fixing so short a period for the presentation of claims was to hasten the settlement of the estate, rather than cut off an honest and *bona fide* claim because it might not be presented within the time prescribed by the letter of the law. It is true, the Joliet National Bank did not itself present the claim to the assignee within the time designated in the notice published, but the claim, represented by the draft which it held, was presented within the time, as we understand the evidence introduced on the hearing before the county court.

It appears that the assignee mailed a notice to the Third National Bank of New York of the time within which claims should be presented. In pursuance of this notice the Third National Bank filed a claim in the alternative form within the three months, as follows:

"Claim filed by the Third National of New York against Henry Fish & Sons, insolvents, as viz.: Harry M. Chapin, cashier, being sworn, states Third National Bank has

a claim against above named insolvents, arising out of two promissory notes, amounting to $17,362.54, made by the Joliet Enterprise Company to order Henry Fish & Sons, endorsed by Fish & Sons, one dated October 8, 1892, for $9572.93, payable January 7, 1893, the other for $7789.61, dated November 19, 1892, payable February 18, 1893, (copies of notes attached); that said notes were discounted by said bank October 10, 1892, and November 22, 1892; that the proceeds of $9426.14 and $7671.47, respectively, aggregating $17,097.61, were placed to the credit of Fish & Sons; that on the date of said assignment a balance of proceeds, viz., $7118.33, remained in the hands of Third National Bank, which it had a right and did apply toward the payment of said notes by way of equitable set-off, and if said set-off shall be held to be right and allowed, there will remain due the Third National from said insolvents $9874.09; that a suit to determine said question is now pending in the United States Circuit Court for Southern District of New York, and if it should be held that said Third National had no right of set-off, then the whole amount due said bank from said Fish & Sons on November 30, 1892, would be $17,200.94, after allowing to them all payments and set-offs and the rebate of interest on said notes not due, of $161.60."

In connection with the presentation of this claim the following stipulation was made:

"It is hereby stipulated by and between James L. O'Donnell, assignee of Henry Fish & Sons, and the Third National Bank of New York, a creditor, which has proved its claim against said estate, that the amount of the claim of said Third National Bank of New York shall be the sum of nine thousand eight hundred and seventy-four dollars and nine cents, ($9874.09,) being the amount named in its proof of debt in that behalf, after deducting the credit of seven thousand one hundred and eighteen dollars and thirty-three cents ($7118.33) named in said proof of debt as a deposit in said bank to the credit of Henry Fish & Sons on the 30th day of November, 1892, and claimed by said bank as a set-off and applied by it towards payment of the notes annexed to said claim, without prejudice,

however, to the right of the said Third National Bank to claim and have allowed the entire amount of the two said promissory notes annexed to said proof of debt without deducting said credit, in case it shall be hereafter finally adjudged that it had no such right to set-off and no right to make the application of said sum of seven thousand one hundred and eighteen dollars and thirty-three cents ($7118.33) on deposit in said bank to the credit of Henry Fish & Sons on the 30th day of November, 1892, towards payment of said notes dated July 6, 1893.

THIRD NAT. BANK OF NEW YORK,<br>By E. A. OTIS, <em>its Attorney.</em>

J. L. O'DONNELL,
By P. C. HALEY, <em>Attorney.</em>

GEORGE S. HOUSE."

The statute did not require the appellant itself to make oath to the claim, but it only required the claim should be presented under oath or affirmation. Here the Third National Bank of New York held on deposit to the credit of Henry Fish & Sons, when they made the assignment, $7118.33. The draft given by Fish & Sons for $4200 on this fund represented appellant's claim, which appellant was contesting with the Third National Bank in the courts. The Third National Bank, in order to be safe, included in its claim the identical $4200 belonging to appellant. Thus appellant's claim was presented under oath to the assignee by the Third National Bank. It is true, the name of appellant does not appear in the claim filed by the Third National Bank. But that does not affect the merits of the controversy, as it was well known by the assignee and all parties concerned that appellant was the party to the suit named in the claim filed, and that the claim arose out of the draft drawn by Fish & Sons in favor of appellant on the fund in the Third National Bank, for the sum of $4200. The assignee testified: "I should say from the condition of the accounts of the Third National Bank with Henry Fish & Sons, that its offset, whatever it is, in this claim, embraces the Joliet National Bank draft, and embraced the amount in the Joliet National Bank draft. * * * The

claim presented by the Third National Bank to me as assignee included this $4200."

If the claim of appellant was included in the claim presented by the Third National Bank, as the evidence shows it was, no reason is perceived why the appellant might not properly be subrogated to the rights of the Third National Bank as to the $4200 embraced in its claim presented to the assignee. This course will mete out justice to all parties concerned, and work no detriment to any one. The claim of the Third National Bank has not been acted upon, but remains with the assignee in the same condition as it was when presented. There is therefore no difficulty in making a disposition of appellant's claim at the same time the claim of the Third National Bank is disposed of. We are therefore of opinion that the claim of the Third National Bank presented to the assignee within the time required by the statute, which included the amount of the draft given by Fish & Sons to appellant, was in fact a presentation of appellant's claim, and, under the equitable rules which should govern the county court in the disposition of claims under the Assignment act, may properly be availed of by appellant. It is conceded on all hands that appellant's claim is an honest one, and it is clear, from the evidence, that the assignee knew and was fully informed of the existence of the claim within three or four days after the assignment was made.

The judgments of the Appellate Court and of the county court of Will county will be reversed and the cause remanded to the county court, with directions to allow the prayer of appellant's petition.

*Reversed and remanded.*

MAGRUDER, C. J., and CARTWRIGHT, J., dissenting.