TEOFILA MALICKI

*v.*

ALMON W. BULKLEY *et al.*

*Opinion filed December 16, 1903.*

1. DEBTOR AND CREDITOR—*when creditor is not entitled to preference.* A creditor of an insolvent is not entitled, upon the ground of superior diligence in discovering assets, to a preference in a special fund deposited by the insolvent with a trust company before insolvency, where all facts relative to such fund were reported by the receiver before the filing of the petition for preference.

2. SAME—*when judgment creditor has no interest in money deposited to secure appeal bond.* Where money is deposited by a judgment debtor to secure a surety on appeal bond in a proceeding resulting in the reversal of the judgment, the fact that another judgment is recovered on second trial confers upon the judgment creditor no interest in such money superior to that of other creditors.

*Malicki* v. *Bulkley*, 107 Ill. App. 595, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

JOHN M. DUFFY, and WARWICK A. SHAW, for appellant.

ANSON E. MEANOR, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellant instituted an action in the circuit court of Wayne county, in the State of Michigan, against the Chicago Guaranty Life Society, an Illinois corporation, to recover on a policy of insurance. Judgment was entered in appellant's favor and the society appealed to the Supreme Court of the State of Michigan. In January, 1898, the Fidelity and Deposit Company of Maryland became surety on the appeal bond given by the society, and the society, to secure the Fidelity and Deposit Com-

pany as such surety, and also to secure it as surety on
another undertaking which it had entered into, being a
forthcoming bond in a garnishment proceeding pending
in one of the courts in the State of Georgia against the
society by one A. M. MacMurphy, deposited with the
Royal Trust Company of Chicago the sum of $2800. The
appeal was prosecuted with success, and the judgment
was reversed and the cause remanded. The case was
re-docketed, and on a subsequent hearing in the circuit
court judgment was on the 15th day of January, 1901,
awarded the appellant in the sum of $3600. In October,
1900, prior to the rendition of this judgment, a judgment
creditor of the Chicago Guaranty Life Society procured a
decree to be entered in the superior court of Cook county,
Illinois, ordering the society to be·placed in the hands
of the said Royal Trust Company, as receiver. On the
24th day of October, 1900, the insurance commissioner of
the State of Illinois filed a bill in the superior court of
Cook county to oust the Royal Trust Company as receiver
and to secure the appointment of other receivers. On
the 19th day of December, 1900, a decree was entered
awarding the relief asked by the bill filed by the insur-
ance commissioner, and the appellees were appointed
receivers. The receivers, in a report to the court filed
on May 11, 1901, advised the court that the Royal Trust
Company held the said sum of $2800, and stated fully the
reason why said money had been so deposited and that
the proceeding instituted by MacMurphy in the court of
Georgia was still pending, and for that reason the re-
ceivers were not entitled to the possession of the money.
On the first day of June, 1901, the appellant filed an in-
tervening petition in the proceeding, based on the bill
filed by the insurance commissioner, which was pending
in the said superior court of Cook county, praying that
an equitable attachment or lien superior to that of other
creditors of the society be adjudged in her favor against
the money so remaining in the hands of the Royal Trust

Company, and praying also that the Royal Trust Company be made defendant to said petition and be brought into court and required to answer. On a hearing the prayer of the intervening petition was denied. The Appellate Court affirmed the action of the superior court, and the matter is here on a further appeal.

The money was deposited with the Royal Trust Company, in part, to secure the Fidelity and Deposit Company from loss on the appeal bond in the event the judgment which the appellant had obtained in the trial court in the State of Michigan should be affirmed by the Supreme Court of that State. But that judgment was reversed and the cause was remanded. Without deciding whether the appellant could have obtained any right or interest in the fund, by way of subrogation or other equitable doctrine, had her judgment been affirmed by the Supreme Court of Michigan, it is clear that as her judgment was reversed no such right or interest accrued to her. The reversal entitled the Chicago Guaranty Life Society to have the fund returned whenever the other liability which the Fidelity and Deposit Company had assumed for the society should be adjusted. The appellant subsequently obtained a judgment against the society in the circuit court in Michigan, but not until after the society had been decreed by the superior court of Cook county, in this State, to be insolvent and its property placed in the hands of receivers. The appellant had no preferential interest whatever in the fund or the disposition to be made of it. Nor was she entitled to the preference under some circumstances given a diligent creditor who has discovered assets, for the reason, if no other, that the receivers knew of the existence of the fund and had reported all of the facts relative to the same to the court before the appellant filed her petition. It was from this report of the receiver the appellant became advised of the fact that the money was on deposit with the Royal Trust Company. No reason, legal or oth-

erwise, appeared for giving the appellant any preference over other creditors of the society in the distribution of the fund in question.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*